IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN BOLT JONES,<br><br>  Plaintiff,<br><br>v.<br><br>DIAL SOURCE D/B/A CONQUER,<br><br>  Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Karen Bolt Jones ("Plaintiff" or "Mrs. Jones"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Dial Source D/B/A Conquer ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, and the ADEA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 22, 2022; the EEOC issued its Notice of Right to Sue on May 26, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADEA. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b). Defendant is now and, at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce. During all times relevant hereto, Defendant had employed twenty (20) or more employees for the requisite duration under the ADEA.

## FACTUAL ALLEGATIONS

9.

Plaintiff began working for Defendant on or about April 20, 2020, as the Vice President of Sales.

10.

In late 2021, Defendant brought in a new executive/leadership team.

11.

The new executive/leadership team was comprised of men.

12.

On multiple occasions Ms. Jones complained to leadership about the hostile work environment and discrimination she experienced.

13.

For example, the phrase, "working on this client project doesn't get me horny" was used by a male employee.

14.

Ms. Jones also reported being treated with contempt and hostility as a female sales leader.

15.

In response to Ms. Jones's complaints, she was told that "they are just that way" and that she should not expect the behavior to change.

16.

Within three weeks of formally escalating a complaint about a new team member who had been brought in by the new executive/leadership team, Defendant demoted Ms. Jones.

17.

Along with the demotion, Ms. Jones was told that her pay would also be reduced.

18.

The reduction in pay brought her income below that of her male counterparts.

19.

Ms. Jones was told that if she did not accept the demotion, she would be terminated.

20.

Defendant terminated Ms. Jones for not accepting a demotion and reduction in pay.

21.

Defendant told Ms. Jones that her commissions would be paid through the end of her employment on March 31, 2022.

22.

However, after Ms. Jones complained that the termination was discriminatory, Defendant denied her commissions.

23.

Ms. Jones was also denied commissions that others outside of her protected class (female) were paid.

24.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., gender (female) and age (over forty years old). Despite Plaintiff's complaints, Defendant did not attempt to rectify the situation, and instead terminated Plaintiff's employment.

25.

Defendant treated other employees outside of Plaintiff's protected class, i.e. those younger than forty (40), more favorably.

# CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

26.

Plaintiff re-alleges paragraphs 9 through 25 as if set forth fully herein.

27.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her age in violation of ADEA, as amended.

28.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

29.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her age.

30.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

## COUNT II:  RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

31.

Plaintiff re-alleges paragraphs 9 through 25 as if set forth fully herein.

32.

Plaintiff engaged in protected activity when she complained of age discrimination.

33.

Defendant retaliated against Plaintiff by terminating her employment as a result of Plaintiff's protected activity.

34.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide its retaliatory motive.

35.

Defendant's retaliatory actions against Plaintiff were in violation of the ADEA.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its retaliation against Plaintiff was undertaken in bad faith.

37.

As a result of Defendant's retaliatory actions against Plaintiff, Plaintiff has suffered lost compensation and benefits.

38.

Pursuant to the ADEA, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADEA.

## **COUNT III: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

39.

Plaintiff re-alleges paragraphs 9 through 25 as if set forth fully herein.

40.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

41.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

42.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

43.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

44.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT IV:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45.

Plaintiff re-alleges paragraphs 9 through 25 as if set forth fully herein.

46.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

47.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

48.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## **COUNT V: BREACH OF CONTRACT**

49.

Plaintiff re-alleges paragraphs 9 through 25 as if fully set forth herein.

50.

Defendant and Plaintiff entered into a contract such that Defendant agreed to pay Ms. Jones for commissions through the end of her employment.

51.

Plaintiff fulfilled her obligations under the contract.

52.

Defendant failed to pay Ms. Jones under the terms of their agreement.

53.

Defendant has breached its obligation to Plaintiff under their agreement.

54.

Defendant is liable to Plaintiff for the damages she has incurred as a result of its breach of their agreement.

## COUNT VI: UNJUST ENRICHMENT

55.

Plaintiff re-alleges paragraphs 9 through 25 as if fully set forth herein.

56.

Defendant benefitted from Plaintiff's services which earned commission for the Defendant.

57.

Defendant terminated Plaintiff without cause and retained Plaintiff's earned commissions after her termination.

58.

Defendant will be unjustly enriched if it is not required to provide Plaintiff some or all of her earned commissions.

## COUNT VII: PROMISSORY ESTOPPEL

59.

Plaintiff re-alleges paragraphs 9 through 25 as if fully set forth herein.

60.

By and through its offer letter and course of dealing, Defendant promised to compensate Plaintiff for commissions based on her accomplishments while employed.

61.

Defendant should have reasonably expected Plaintiff to rely on the promise.

62.

Plaintiff did reasonably rely on the promise to his detriment.

63.

Injustice can be avoided only by enforcing the promise.

## COUNT VIII: UNPAID EARNED WAGES IN VIOLATION OF THE CALIFORNIA LABOR CODE

64.

Plaintiff re-alleges paragraphs 9 through 25 as if fully set forth herein.

65.

California Labor Code § 200(a) states "Wages includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

66.

Wages includes commissions earned.

67.

Plaintiff is due commissions owed to her on sales she procured.

68.

These monies due and owed to Plaintiff by Defendant have been earned and are reasonably calculable, yet Defendant has not paid Plaintiff all wages due.

## COUNT IX: WAITING TIME PENALTIES

69.

Plaintiff re-alleges paragraphs 9 through 25 as if fully set forth herein.

70.

California Labor Code § 201 requires that a terminated employee be paid all wages earned and due immediately upon termination.

71.

California Labor Code § 203 states that if an employer willfully fails to pay an employee, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of such employee shall continue as a penalty from the due date thereof at

the same rate until paid or until an action therefore is commenced; but such wages shall not continue for more than 30 days.

72.

Plaintiff was not paid all wages due in accordance with California Labor Code § 201.

73.

Accordingly, Plaintiff is entitled to one-day full pay for the maximum 30 days allowed under California Labor Code § 203.

## COUNT X: UNFAIR BUSINESS PRACTICES IN VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

74.

Plaintiff re-alleges paragraphs 9 through 25 as if fully set forth herein.

75.

By violating the foregoing statutes and regulations, the acts of Defendant constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200 *et seq.*

76.

Defendant's violation of California wage and hour laws including, but not limited to, failing to pay all wages due and failing to timely pay upon termination constitutes a business practice.

77.

Here, the California Labor Code violations by Defendant, as a matter of law, in and of themselves violations of § 17200. Once such a showing has been made, both restitution and disgorgement of profits are to be considered by the court.

78.

As a proximate result of Defendant's unlawful conduct, Plaintiff has been forced to retain counsel to enforce her rights and is entitled to recover pursuant to California Business and Professions Code her costs and attorney's fees incurred and will incur in connection with this legal action, in an amount determined after trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) All due and unpaid damages;

(d) Waiting time penalties calculated in accordance with California Labor Code § 203;

(e) Restitution, disgorgement of profits;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(h) Compensation for lost compensation, back pay, wages and employment-related benefits;

(i) Liquidated damages; and

(j) All other relief to which she may be entitled.

Respectfully submitted this 28th day of July, 2022.

**BARRETT & FARAHANY**

s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135
Sophie A. Karpf
Georgia Bar No. 957637

*Counsel for Plaintiff Karen Bolt Jones*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
amanda@justiceatwork.com
sophie@justiceatwork.com